## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**DURENDA SHAW,**
      **Plaintiff,**

**v.**                                **Case No: 5:06cv259/RS/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
      **Defendant.**

_____

### REPORT AND RECOMMENDATION

Before the court is a petition for authorization of attorney fees (doc. 33), to which defendant has responded (doc. 34). Plaintiff's counsel seeks compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully obtaining benefits for her client. She seeks a total of $12,742.50 under a contingent fee contract with her client. She has filed an accounting of time spent that shows a total of 34.5 hours as the total time spent representing plaintiff in this court.

Plaintiff's counsel concedes that she is entitled to be awarded fees only for the time spent in the judicial portion of the case, and that if awarded fees, she will be required to refund to plaintiff the amount of $5,295.93 previously awarded under the EAJA (doc. 29). As the result of counsel's efforts in this case, plaintiff was awarded back benefits beginning in June 2002 and the Commissioner has withheld $12,742.50 from the amount owed for payment of fees pursuant to § 406(b). The contingent fee contract at issue here provides that plaintiff shall pay her attorney 25% of the past benefits recovered.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)

the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature. Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent." 865 F.2d at 739. On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients." *Id.* The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Thus, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Although some cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases, *see, e.g., Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); *McPeak v. Barnhart*, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); *Boyd v. Barnhart*, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380

(S.D. Ga. 2002) (approving $350), other courts have declined to do so. Indeed, no exact measure for determining fees exists, and courts have approached the matter in different ways. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1168 (C.D. Cal. 2006) (analyzing forty-three post-*Gisbrecht* decisions). The *Ellick* court noted that in eight of forty-three reported cases, the attorneys had requested fees which were less than twenty-five percent of the awarded benefits, and the courts had approved those requests. *Ellick*, 445 F. Supp. 2d at 1168–71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning (e.g., strictly deferring to the fee agreement; finding the de facto hourly rate reasonable; considering the fee agreement in addition to other factors, such as the results obtained, attorney's skill and efficiency, and lack of objection by the Commissioner). *Id.* at 1168–69 & n.6. In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used de facto hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, five reduced fees drastically without precise explanation, one excluded fees attributable to paralegal time, and one excluded fees for past-due benefits recovered for the claimant's minor children. *Id.* at 1169–71.

Having considered the facts of this case and the foregoing court decisions, the undersigned is persuaded that an award of 25% of plaintiff's past due benefits is reasonable.

Here plaintiff and her attorney agreed to a reasonable fee of 25% of past benefits recovered (doc. 33). The Commissioner withheld $12,742.50 from the amount awarded to plaintiff, calculated as 25% of the award. Plaintiff's counsel has spent 34.5 hours representing plaintiff in this court. Thus, if she is awarded the full 25% contingency, her effective hourly rate will be $369.34. Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner. Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded his client. Plaintiff's

counsel (together with co-counsel) has been handling this case since December 2006, and represented the plaintiff with the expectation that she would receive nothing for her efforts if she was not successful. It does not appear that counsel was in any way responsible for any delay in the proceedings. The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Finally, although not addressed in the parties' pleadings, the court notes a recent decision of the Eleventh Circuit, *Reeves v. Astrue*, -- F.3d --, 2008 WL 1930587, at *6 (11th Cir. May 5, 2008), clarifying that an EAJA award shall be awarded to the "prevailing party," not to the prevailing party's attorney.

Accordingly, it is respectfully RECOMMENDED that the petition for authorization of attorney fees (doc. 33) be granted, and that the court:

a.  Order the Commissioner to disburse the sum of $12,742.50 to plaintiff's counsel, Heather Freeman, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b), and

b.  Order counsel to refund to plaintiff the $5,295.93 previously awarded her by this court under the EAJA.

At Pensacola, Florida, this 16th day of July, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**